# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL S. POLSKY, not individually,**
**but solely in his capacity as Liquidating**
**Trustee for the Olsens' Liquidating Trust,**
       **Appellant,**

    v.                                                          **Case No. 11-C-1049**

**UTICA ENERGY LLC, et al.,**
       **Appellees.**

## DECISION AND ORDER

In this opinion, I continue my discussion of the appellees' motion to dismiss this bankruptcy appeal as moot. I began the discussion in an opinion dated March 5, 2012. At the end of that opinion I ordered the trustee to provide additional information about the claims he plans to press against the appellees. On March 28, 2012, the parties appeared at a telephonic conference, and the trustee provided the requested information. I assume that the reader is familiar with my March 5th opinion.

At the telephonic conference, the trustee stated that, if the order of the bankruptcy court is reversed, he will bring a claim for tortious interference (also known as intentional interference with contractual relationship) against the appellees based on their assertion of their rights of first refusal under the Utica operating agreements in the bankruptcy court. The elements of a claim for tortious interference are (1) the plaintiff had a contract or prospective contractual relationship with a third party; (2) the defendant interfered with the relationship; (3) the interference was intentional; (4) a causal connection exists between the interference and the damages; and (5) the defendant was not justified or privileged to

interfere. Brew City Redevelopment Group, LLC v. Ferchill Group, 297 Wis. 2d 606, 624 n.9 (2006) (quoting Aon Risk Servs., Inc. v. Liebenstein, 289 Wis.2d 127, 157 (Ct. App. 2006)). As I understand the trustee's legal theory, it is that he thinks that bankruptcy law stripped the appellees of their rights of first refusal under the operating agreements, and that therefore when the appellees threatened to assert those non-existent rights in the bankruptcy court (thereby driving down the value of the Utica interests), they committed tortious interference with the trustee's prospective contractual relationships with the potential third-party purchasers of the Utica interests.

The key question for present purposes is whether a decision on the merits of this appeal could have an affect on the trustee's tortious-interference claim that is sufficient to prevent this appeal from becoming moot in the constitutional sense. As I explained in my March 5th opinion, the sale of the Utica interests has been completed, and the trustee has waived any right he may have had to seek a judicial unwinding of that sale. Thus, a reversal of the bankruptcy court's order would have no tangible effect on the parties' rights unless the reversal would have a constitutionally significant impact on the tortious-interference claim that the trustee says he will bring.

Turning to that question, I conclude that it would not. The trustee's concern is that the bankruptcy court's order upholding the appellees' rights of first refusal might have preclusive effect in any future litigation involving the tortious-interference claim. As I understand his argument, the trustee thinks that the bankruptcy court's order establishes that the appellees were "justified or privileged to interfere" with the trustee's prospective contractual relationships. However, in the context of this case, to show that they were justified or privileged to interfere, the appellees would have to show that they believed in

2

good faith that they had legitimate rights of first refusal. See Briesemeister v. Lehner, 295 Wis. 2d 429, 455–56 (Ct. App. 2006); Cudd v. Crownhart, 122 Wis. 2d 656, 662 (Ct. App. 1985). The bankruptcy court's order does not establish that the appellees acted in good faith. To be sure, the order concludes that the appellees did, in fact, have valid rights of first refusal, but that does not necessarily imply that the appellees believed in good faith that they had such rights when they interfered with the trustee's attempt to market the Utica interests. Of course, the bankruptcy court's conclusion makes it extremely difficult for the trustee to show that the appellees were acting in bad faith, since a decision upholding the appellees' rights of first refusal by a reasonable jurist (i.e., the bankruptcy judge) is strong evidence that the appellees' legal argument was asserted in good faith. But that just shows that the trustee's tortious-interference claim is extremely weak. Even if the bankruptcy court's order was reversed, it would still be the case that a reasonable jurist found in the appellees' favor, and so the appellees would still be able to point to the bankruptcy court's decision and argue that their assertion of their rights was supported by a reasonable legal argument, even though that argument did not ultimately carry the day. Cf. Briesemeister, 295 Wis. 2d at 456 (concluding that defendant was justified or privileged to interfere with contractual relationship even though his legal argument was incorrect where argument was "informed by legal research and professional consultation"). Thus, the bankruptcy court's order is not likely to have any preclusive effect on future litigation involving the trustee's tortious-interference claim.

Now, it is impossible to predict exactly what will happen during the future litigation on the tortious-interference claim, and so we do not know for sure that the bankruptcy court's order will have no preclusive effect whatsoever. But a remote and speculative

3

possibility of an order's having some preclusive effect in the future does not "unmoot" a case. See Commodity Futures Trading Comm'n v. Bd. of Trade, 701 F.2d 653, 656 (7th Cir. 1983) ("Since the future is unknown, one can never be certain that findings made in a decision concluding one lawsuit will not some day (if allowed to do so) control the outcome of another suit. But if that were enough to avoid mootness, no case would ever be moot."). Here, the probability of the bankruptcy court's order having preclusive effect on litigation involving the tortious-interference claim is too small to prevent mootness. Therefore, this appeal must be dismissed as moot.

I also note that this case would be moot even if the bankruptcy court's order would definitely have preclusive effect on future litigation involving the tortious-interference claim. That is because the potential for preclusion was created entirely by the trustee's litigation conduct, not by any action of the appellees, and so any lingering injury caused by the bankruptcy court's order is not fairly traceable to the conduct of the appellees. See Parvati Corp. v. City of Oak Forest, Ill., 630 F.3d 512, 517–18 (7th Cir. 2010). After the bankruptcy court issued its order upholding the appellees' rights of first refusal, the trustee decided not to seek a stay of the order pending appeal but instead proceeded to sell the Utica interests subject to the appellees' rights of first refusal. Although these actions alone might not have mooted this case in the constitutional sense—the court would still have had the raw power to unwind the sale and order a new auction in which the appellees' rights of first refusal would not be honored—the trustee's decision to waive any right he may have had to unwind the sale and hold a new auction did result in constitutional mootness. Thus, the inability to challenge the bankruptcy court's order and prevent it from having preclusive effect in future litigation is the result of the trustee's own litigation decisions rather than the

4

conduct of the defendants. Under Parvati, then, this case must be dismissed as moot even if the bankruptcy court's order would definitely have preclusive effect on the trustee's tortious-interference claim.

**THEREFORE, IT IS ORDERED** that the appellees' motion to dismiss this appeal as moot is **GRANTED**. The Clerk of Court shall enter final judgment dismissing this appeal for lack of jurisdiction.

Dated at Milwaukee, Wisconsin, this 6th day of April 2012.

s/_____
LYNN ADELMAN
District Judge